**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOEL VARGAS, | ) |
| | ) |
| Plaintiff, | ) CASE NO: |
| | ) |
| v. | ) |
| | ) |
| AMERISTAR CASINO EAST CHICAGO, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Ameristar Casino East Chicago, LLC, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BELL, P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of the cause entitled Joel Vargas v. Ameristar Casino East Chicago, LLC, filed in the Lake Superior Court, Lake County, Indiana, under cause number 45D01-2004-CT-000438. As grounds for removal, Defendant states as follows:

1. Plaintiff commenced an action against the above-referenced Defendant on April 21, 2020, by filing a Complaint in the Lake Superior Court of Lake County, Indiana, under Cause Number 45D01-2004-CT-000438. A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit A".

2. On June 4, 2020, Defendant, Ameristar Casino East Chicago, LLC, first ascertained that the case is one which is or has become removable when the Plaintiff refused to stipulate that damages would not exceed seventy-five thousand dollars ($75,000.00) and this notice is filed within thirty (30) days of receipt of the Plaintiff's refusal. (*See* Exhibit B, Correspondence to Plaintiff counsel).

3. Defendant, Ameristar Casino East Chicago, LLC, has a sole member of the limited liability company which is Ameristar Casino East Chicago Holdings, LLC. The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle MLS, LLC; The sole member of Ameristar Casino East Chicago Holdings, LLC is Pinnacle Entertainment, Inc., which is a Delaware corporation with its principal place of business in Pennsylvania.

4. Pursuant to federal law, Ameristar Casino East Chicago, LLC is a citizen of both Delaware and Pennsylvania. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691 (7th Cir. 2003)

5. The Plaintiff, Joel Vargas, is a citizen of the State of Illinois. (*See* Exhibit C, Correspondence from Plaintiff's attorney confirming citizenship).

6. Since the Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the Plaintiff, Joel Vargas, and the Defendant, Ameristar Casino East Chicago, LLC, pursuant to 28 U.S.C. Section 1332(a).

7. In an effort to determine the amount in controversy in this matter, the Defendant served Plaintiff's attorney, Michael McFarland, with a request to stipulate that the amount in controversy was less than seventy-five thousand dollars ($75,000.00). Defendant further indicated that if the stipulation was signed, Defendant would not seek to remove the case to Federal Court. The correspondence to Mr. McFarland noted that, if Defense counsel did not receive a response by June 4, 2020, Defense counsel would recommend his client move forward with Removal. (*See* Exhibit B, Correspondence to Plaintiff counsel). No response to this correspondence and request to stipulate was ever received by Defense counsel.

8. The Seventh Circuit has held that if a Plaintiff really wants to prevent removal, he should stipulate to damages not exceeding the $75,000.00 jurisdictional limit. *Oshana v. Coca-*

*Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).  Litigants who want to prevent Removal must file a binding stipulation or affidavit with their Complaints.  *Id*.  A stipulation will have the same effect as a statute that limits a Plaintiff to the recovery sought in the Complaint.  *Id*.  The Seventh Circuit determined in *Oshana*, that the Plaintiff's refusal to admit that her recovery would not exceed $75,000.00, raised the reasonable inference that it would.  *Id*.

9. Although the Defendant denies the material allegations of the Plaintiff's Complaint, based upon the Plaintiff's refusal to enter into a stipulation limiting his damages to less than $75,000.00, as well as Plaintiff's allegations that he suffered permanent personal injuries, incurred medical expenses due to those injuries, and suffered lost wages, there is a reasonable inference that the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, exclusive of interests and costs.  (*See* Exhibit A, Par. 7).

10. This Court has original jurisdiction over the underlying State Court case pursuant to the provisions of 28 U.S.C. Section 1332(a), which states that District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and is between citizens of different states.  Further, for the reasons stated in the previous paragraphs, this action may be removed pursuant to the provisions of 28 U.S.C. Section 1441 and Section 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

11. Defendant, Ameristar Casino East Chicago, LLC, has filed this Notice for Removal within thirty (30) days of Plaintiff's refusal to stipulate that the amount in controversy will not exceed $75,000.00.

12. Upon filing this Notice for Removal, the Defendant, Ameristar Casino East Chicago LLC, will give written notice of the filing of this Notice for Removal to all attorneys of record and the Clerk of the Lake County Superior Court.

13. Pursuant to 28 U.S.C. Section 1446(a), accompanying this Notice shall be Plaintiff's Complaint and Defendant's Answer to Plaintiff's Complaint.

14. The Defendant, Ameristar Casino East Chicago, LLC, demands a trial by jury on all issues triable by jury.

Respectfully submitted,

*/s/ Edward W. Hearn*
Edward W. Hearn
Catherine Breitweiser-Hurst
JOHNSON & BELL, P.C.
11051 Broadway, Suite B
Crown Point, IN 46307
hearne@jbltd.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on June 15, 2020, we filed the foregoing document using this Court's CM/ECF system and this document was served on all counsel of record through the Court's CM/ECF system. Parties may access the pleading through the Court's CM/ECF online system.

Michael F. McFarland – michael@gowithalvarez.com

*/s/ Edward W. Hearn*
Edward W. Hearn Attorney at Law